UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| YASMINE MELEHY,<br>*Personal Representative for*<br>*The Estate of Abdel Shakour Shaalan*,<br><br>Plaintiff,<br><br>v.<br><br>HALA SALHA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 21-2873 (ABJ) |

## MEMORANDUM OPINION

On October 29, 2021, plaintiff Yasmine Melehy, in her capacity as Personal Representative for the Estate of Abdel Shakour Shaalan, brought this survival action against defendants Hala Salha and Capital One N.A. ("Capital One"), alleging fraud on the part of defendant Salha (Count I), aiding and abetting fraud on the part of Capital One (Count II), and conspiracy to commit fraud by both defendants (Count III). Compl. [Dkt. # 1] at 12–14.

Both Capital One and Salha filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def. Capital One's Mot. to Dismiss & Mem. in Supp. of Def. Capital One's Mot. to Dismiss [Dkt. # 8] ("Capital One's MTD"); Def. Salha's Mot. to Dismiss Compl. & Mem. of Law in Supp. of Def. Salha's Mot. to Dismiss Compl. [Dkt. # 11] ("Salha's MTD"). On September 17, 2022, the Court granted Capital One's motion to dismiss Counts II and III as well as defendant Salha's motion to dismiss Count III. Mem. Op. [Dkt. # 19] at 18. The Court granted in part and denied in part defendant Salha's motion to dismiss Count I.

On November 2, 2022, plaintiff filed a motion for leave to file the first amended complaint. Pl. Mot. for Leave to File the First Am. Compl. [Dkt. # 24] ("Mot."). Defendant opposed the motion, and the matter is now fully briefed. *See* Resp. of Def. Salha to Mot. [Dkt. # 26] ("Salha's Opp."); Reply Mem. in Supp. of Mot. [Dkt. # 27] ("Reply to Salha's Opp."); Def. Capital One's Opp. to Mot. [Dkt. # 28] ("Capital One's Opp."); Reply Mem. in Supp. of Mot. as to Def. Capital One [Dkt. # 30] ("Reply to Capital One's Opp."). For the reasons set forth in more detail below, plaintiff's motion to amend will be granted in part and denied in part.

## BACKGROUND

Plaintiff Yasmine Melehy is the Personal Representative of the Estate of Abdel Shakour Shaalan, a former resident of the District of Columbia who passed away on June 4, 2021. Compl. ¶ 2. Defendant Hala Salha was Mr. Shaalan's personal assistant over the course of his 30-year career at the International Monetary Fund ("IMF"). Compl. ¶ 10. Plaintiff alleged that after the passing of Mr. Shaalan's wife in July 2012, Salha "became increasingly involved in Mr. Shaalan's personal affairs" and "arranged for doctors of [her] choosing to see Mr. Shaalan," who, at Salha's urging, prescribed medication that impaired Mr. Shaalan's judgment. Compl. ¶¶ 12, 18–19. Salha allegedly "masked Mr. Shaalan's condition from the public." Compl. ¶ 20.

The complaint stated that Mr. Shaalan had a high-yield checking account and a savings account with Capital One and routinely conducted banking transactions in person at the Capital One branch located at 1700 K Street NW. Compl. ¶¶ 13–14. Plaintiff alleged that Salha took advantage of Mr. Shaalan's impaired mental condition by conducting financial transactions with Mr. Shaalan's money and personal credit card that were for her personal financial benefit, without his knowledge or permission. *See* Compl. ¶¶ 25–65.

2

The original complaint consisted of three counts. Count I alleged that defendant Salha obtained approximately $2,951,877.45 from Mr. Shaalan through fraudulent means by "continuously representing to Mr. Shaalan that the checks, withdrawals, and transferred funds were used for Mr. Shaalan's benefit," despite never intending to use the funds for his benefit or disclosing this fact to him.[1]  Compl. ¶¶ 73–74.  It further alleged that Mr. Shaalan was deceived by these representations and therefore "continued to allow [Salha] to act as his trusted personal assistant helping him with both his business and personal affairs."  Compl. ¶ 76.  Count II alleged that defendant Capital One aided and abetted Salha's alleged fraud by authorizing and failing to prevent the allegedly fraudulent financial transactions while in a "trusted position regarding Mr. Shaalan's bank accounts."  Compl. ¶¶ 81, 83, 85–86.  Alternatively, Count III[2] alleged that Capital One conspired with Salha to perpetrate the fraud.  Compl. ¶ 91.

Both defendants filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Capital One's MTD; Salha's MTD.  The Court denied defendant Salha's motion to dismiss Count I with respect to the allegedly fraudulent American Express ("Amex") charges, the November 3, 2014 wire transfer, and the January 16, 2015 cash withdrawal.  Mem. Op. at 12.  However, the Court granted her motion to dismiss with respect to the checks and the wire transfers to Mr. Shaalan's nephew, and as to Count III.  *Id.* at 13.

---

[1] The complaint alleged that numerous fraudulent transactions occurred, including a $1,000,000.00 wire transfer to Salha in November 2014, a $1,000,000.00 cash withdrawal in January 2015, $453,040.96 in allegedly fraudulently obtained checks, $127,801.49 in charges on Mr. Shaalan's Amex card, and $371,035.00 in wire transfers to Mr. Shaalan's half-nephew.  *See* Compl. ¶¶ 27, 31–33, 42, 49–51, 60–63, 72.

[2] The third claim is also labeled Count II in the complaint, but the Court will refer to it as Count III to avoid confusion.

The Court dismissed Count II against Capital One because plaintiff failed to allege "sufficient facts to support a plausible inference that the bank had the requisite level of knowledge" of the alleged fraud to satisfy the elements of an aiding and abetting claim. *Id.* at 19. As for Count III, the Court found that the conspiracy allegations were purely conclusory, and that the complaint lacked any allegations to support an inference of Capital One's knowledge of the fraud, an agreement with Salha, or the details of the formation and duration of the alleged conspiracy. *Id.* at 17–18. Counts II and III were dismissed without prejudice. *Id.* at 18.

Plaintiff filed a Motion for Leave to File the First Amended Complaint on November 2, 2022. *See* Mot. The proposed amended complaint adds new allegations to the fraud claim against defendant Salha in Count I with respect to the checks that Salha allegedly urged Mr. Shaalan to sign or signed herself.[3] Compl. ¶ 45; Proposed First Am. Compl. [Dkt. # 24-1] ("Proposed Am. Compl.") ¶¶ 56-59, 61–62. Plaintiff claims that from 2014 to 2019, defendant Salha "regularly wrote checks using Mr. Shaalan's checkbook to herself and instructed Mr. Shaalan to sign them," "signed Mr. Shaalan's name to some checks," and "told Mr. Shaalan the cash would be used for his benefit." Proposed Am. Compl. ¶ 55. The proposed amended complaint adds that Salha "lied to Mr. Shaalan about the purpose of the checks and used them to pay her own personal expenses" as well as expenses for third parties. Proposed Am. Compl. ¶¶ 60–62. Salha filed an opposition to the request to amend Count I on November 15, 2022. *See* Salha Opp.

---

3   The proposed amended complaint removes allegations of fraudulent wires to Mr. Shaalan's nephew from Count I and lowers the alleged damages accordingly. *Compare* Compl. ¶¶ 62, 68 (calculating damages totaling $2,951,877.45 including $371,035 from the fraudulent wire transfers) *with* Proposed Am. Compl. ¶¶ 80, 86 (calculating damages without the wire transfer totaling $2,580,842.45).

4

With respect to defendant Capital One, the proposed amended complaint replaces the aiding and abetting claim in Count II with a negligence claim, and does not propose a revised Count III. Proposed Am. Compl. ¶¶ 88–97. Plaintiff alleges that Capital One "had fiduciary duties to confirm the identity of their customer, the wishes of the customer, and to safeguard funds entrusted to Capital One's care," and that it "chose to ignore internal safeguards and regulations" that allowed for the alleged fraud to take place. Proposed Am. Compl. ¶¶ 36, 41, 49, 57, 63, 69, 95. Plaintiff also alleges that Capital One employees aided Salha in withdrawing money, Proposed Am. Compl. ¶¶ 50, 64, and cashing checks, "often with information missing from the checks and irregular signatures." Proposed Am. Compl. ¶ 56. Capital One objects to this amendment as futile. Capital One's Opp. at 1.

## STANDARD OF REVIEW

When a party seeks to amend its pleading after a responsive pleading has been served, the Court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). When evaluating whether to grant leave to amend, however, the Court must consider these factors: (1) undue delay; (2) undue prejudice to the opposing party; (3) futility of the amendment; (4) bad faith; and (5) repeated failure to cure deficiencies by amendments previously allowed. *Atchinson v. District of Columbia*, 73 F.3d 418, 425–26 (D.C. Cir. 1996), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may deny leave to amend based on futility if the proposed claims would not survive a motion to dismiss. *Rumber v. District of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009), citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

5

556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*:  "[f]irst, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.* at 678, and "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005).  Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor.  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions.  *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In ruling upon a motion to dismiss for failure to state a claim, a court may

6

ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## ANALYSIS

Plaintiff states that she seeks to amend her complaint to "more fully explain the Plaintiff's factual allegations in this case, to cure any technical problems in how they were initially pleaded, and to make the claims viable in light of the Court's ruling." Mot. ¶ 4. Both defendants oppose the motion to amend, contending that amendment would be futile. *See* Salha's Opp.; Capital One's Opp. The Court agrees that plaintiff has failed to allege a sufficient claim for negligence against Capital One. However, plaintiff has added allegations to the claims with respect to the allegedly fraudulent checks that are consistent with the Count I allegations that the Court previously determined could proceed, and those amendments will therefore be permitted.

**I.      Fraud Claims against Salha in Count I.**

Plaintiff has added new allegations to Count I, the fraud claim against defendant Salha, with respect to the allegedly fraudulent checks. The Court previously dismissed the fraud claims with respect to the checks because the original complaint failed to allege that Salha's representations to Mr. Shaalan were false. *See Melehy v. Salha*, No. 21-2873, 2022 WL 4289656, at *5 (D.D.C. Sept. 17, 2022). The Court will again assess plaintiff's proposed amendments according to the elements of a fraud claim under D.C. law.

Under District of Columbia law, "[t]he essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Bennett*

7

*v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977).  To successfully plead fraud, a plaintiff must "allege such facts as will reveal the existence of all the requisite elements of fraud."  *Id.* at 59–60.  A complaint alleging fraud is also subject to a heightened pleading standard: Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." This means that the complaint must include facts to specify the "time, place, and content of the fraud and to identify the individuals allegedly involved." *United States ex rel. Shea v. Cellco*, 863 F.3d 923, 936 (D.C. Cir. 2017).  However, the rule allows allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind" to be averred generally.  Fed. R. Civ. P. 9(b).

In her proposed amended complaint, plaintiff now alleges that defendant Salha made false representations with respect to the checks, claiming that Salha "lied to Mr. Shaalan about the purpose of the checks and used them to pay her own personal expenses" while telling Mr. Shaalan that "the money would be used for his benefit."  Proposed Am. Compl. ¶¶ 59–62.  Like the other portions of Count I that survived defendant's motion to dismiss, the proposed amended complaint now sufficiently alleges that Salha made false representations regarding these checks.

While the Court previously found that the complaint failed to provide information about the payee or payees, *see Melehy*, 2022 WL 4289656 at *6, plaintiff's proposed amended complaint now specifies which checks were payable to Salha or to cash and which paid for expenses to third parties, and it includes information regarding particular check numbers and the dates each check was drawn from Mr. Shaalan's account.  Proposed Am. Compl. ¶¶ 59, 62, 66.  And, like the other allegations that this Court determined would proceed, plaintiff has sufficiently alleged that Mr. Shaalan relied on these misrepresentations to his detriment: plaintiff alleges that from 2014-2019, Salha "regularly wrote checks using Mr. Shaalan's checkbook to herself and instructed Mr. Shaalan to sign them," and that Mr. Shaalan was "deceived by Salha and as a result he continued

to allow her to act as his trusted personal assistant helping him with both his business and personal affairs." Proposed Am. Compl. ¶¶ 55, 85; *Compare Melehy*, 2022 WL 4289656 at *5–6 (finding the complaint sufficiently alleged that Mr. Shaalan acted in reliance on Salha's misrepresentations with respect to: the November 2014 wire transfer "by permitting her to wire the money in his presence and continue to serve in a position of trust," citing Compl. ¶¶ 31, 76; the January 2015 cash withdrawal "by allowing her to withdraw the money and continue in a position of trust," citing Compl. ¶¶ 42, 76; and the Amex transactions by "continuing to allow Salha to use the card in this way and act as his trusted personal assistant helping him with both his business and personal affairs," citing Compl. ¶ 76 (internal quotation marks omitted)).

Although the proposed amended count is still somewhat summary, and it is not at all clear how plaintiff intends to prove that the representations were made or relied on, she has added allegations to the false representation claim that are consistent with the other fraud allegations that the Court determined would proceed. Therefore, the amendments with respect to Count I will be permitted.

**II.     Negligence Claim against Capital One in Count II.**

Defendant Capital One contends that the proposed amended complaint merely repackages plaintiff's aiding and abetting and conspiracy claims as a negligence claim without any change to the substantive facts. Capital One's Opp. at 8. Indeed, the proposed amended complaint changed little about Count II other than the name of the claim and conclusory elements of a negligence claim. *Compare* Compl. ¶¶ 80–89 *with* Proposed Am. Compl. ¶¶ 88–96 (alleging Capital One's duty of care and failure to apply "internal safeguards and regulations" but maintaining that "Capital

One [and its agents] acted in furtherance of the fraud"). The factual allegations with respect to Capital One remain substantially similar.[4]

However, even as a negligence claim, the proposed amendment to Count II would be futile. "The elements of a common law action for negligence are (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, and (3) damage to the plaintiff, proximately caused by the breach of duty." *Smith v. District of Columbia*, 413 F.3d 86, 109 (D.C. Cir. 2005) (Ginsburg, J., dissenting) (internal quotation marks omitted), quoting *Powell ex rel. Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). "To allege negligence, a complaint cannot merely make conclusory assertions but must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability." *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982) (internal quotation marks and citation omitted).

As for the duty allegedly breached in this case, the proposed amended complaint alleges that Capital One "had fiduciary duties to confirm the identity of their customer, the wishes of the customer, and to safeguard funds entrusted to Capital One's care." Proposed Am. Compl. ¶ 36.

"District of Columbia law is clear that no per se fiduciary relationship between a bank and its depositors exists: generally, the bank-depositor relationship is governed only by the terms of the contractual agreement." *Kalbian Hagerty LLP v. Wells Fargo Bank, N.A.*, No. 1:20-cv-1091 (JMC), 2023 WL 2733771, at *2 (D.D.C. Mar. 31, 2023), citing *Geiger v. Crestar Bank,* 778 A.2d

---

4   The proposed amended complaint alleges that Capital One "ignored internal safeguards" and aided Salha with the allegedly fraudulent transactions. *See, e.g.*, Proposed Am. Compl. ¶¶ 49–50. These are substantially similar allegations to those in the complaint alleging that "[o]ne or more employees at Capital One chose to ignore safeguards in order to benefit Salha," Compl. ¶ 37, and "[b]ranch employees aided Salha," *see, e.g.*, Compl. ¶¶ 52–54. The additional allegations with respect to Capital One continue to focus on how Capital One employees aided or failed to prevent Salha's fraud by ignoring internal safeguards and regulations. *See* Proposed Am. Compl. ¶¶ 49, 57, 63, 69.

1085, 1090–91 (D.C. 2001).  Moreover, "the mere existence of a contract does not create a fiduciary duty" barring a "special relationship of trust or confidence." *Henok v. Chase Home Fin., LLC*, 915 F. Supp. 2d 109, 115 (D.D.C. 2013) (internal quotation marks and citations omitted).

Plaintiff alleges that "Mr. Shaalan had a longstanding relationship of trust with employees of Capital One," Proposed Am. Compl. ¶ 34, but she does not allege any facts that would differentiate that relationship from the standard bank-depositor relationship.  As plaintiff does not allege any special relationship of trust or confidence between Capital One and Mr. Shaalan, she has failed to allege the existence of a duty of care that is the necessary predicate for a negligence claim.  And, even if plaintiff had properly pled this element of her negligence claim, she has failed to properly allege how a breach of this duty proximately caused her damages.  While plaintiff vaguely alleges that Capital One "ignored internal safeguards and regulations that could have prevented the fraud," Proposed Am. Compl. ¶ 93, the proposed amended complaint fails to show *which* safeguards and regulations defendant ignored, as well how *how* these acts could have prevented the fraud.

The negligence claim against Capital One would not survive a motion to dismiss and is therefore futile.  The Court will **DENY** plaintiff's motion with respect to the proposed amendments to claims against Capital One in Count II.

## CONCLUSION

For these reasons, plaintiff's Motion for Leave to File the First Amended Complaint [Dkt. # 24] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff is **ORDERED** to docket a new version of the amended complaint consistent with this order by **October 27, 2023.**

/s/ Amy Berman Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: September 28, 2023

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: September 28, 2023